## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA PELLECHIA | : | CIVIL ACTION NO. |
| | : | 3:11-cv-1587 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| ONEWEST BANK, FSB | : | |
| HUNT LEIBERT JACOBSON, PC | : | |
| | : | |
| Defendants. | : | October 14, 2011 |

## COMPLAINT
## (JURY TRIAL REQUESTED)

1. Plaintiff brings this action to secure redress for credit and collection practices engaged in by OneWest Bank, FSB ("OneWest") and Hunt Leibert Jacobson, PC. ("HLJ"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; the Connecticut Unfair Trade Practices Act, CGS §42-110 et seq.

Plaintiff seeks to recover damages suffered as a result of such violations.

### JURISDICTION AND VENUE.

2. Federal jurisdiction is premised upon the existence of a federal claim or controversy and is invoked under *15 U.S.C. § 1692k* and *28 U.S.C. § 1331*, without regard to jurisdictional amount or diversity of citizenship.

3. Supplemental jurisdiction under *28 U.S.C. § 1367* for the pendent claims under Connecticut law are proper because all the claims have a common nucleus of operative facts as the claims all spurred from the Defendant's wrongful attempts in collecting the same alleged debt.

4.  Plaintiff's Connecticut law claims are so related to the federal law claims raised in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

5.  The issues raised by the state-law claims are no more novel or complex than the federal law claims, nor do they substantially predominate over the federal-law claims. The district court's exercise of supplemental jurisdiction would avoid unnecessary duplication and multiplicity of actions, and should be exercised in the interests of judicial economy, convenience and fairness.

6.  Defendants received substantial compensation from the sale, use, maintenance, and/or enforcement of financial products and services in Connecticut and/or the collection of debts in Connecticut and by doing business that has had effects in Connecticut, and such acts of commission or omission inured to the detriment of the Plaintiff, thereby establishing contacts sufficient to subject it to personal jurisdiction in this Court and to justify the application of Connecticut law to all claims asserted herein, including if necessary by way of the Connecticut long-arm statutes, *Conn. Gen. Stat. § 33-929*.

7.  Venue in this Court is proper under *28 U.S.C. § 1391*, because all defendants regularly conduct business in the District and all the events, occurrences, and property that are relevant to this case occurred or are located in this District.

**THE PARTIES.**

8.  The Plaintiff is over the age of 18, resides at 187 Canterbury Road, South Canterbury, CT in the County of Windham, is a natural person as defined by CGS §42-110a(3) and a consumer as defined by 15 USC §1692a(3).

9.  Defendant OneWest Bank, FSB ("OneWest"), is a federally chartered corporation with offices at 888 East Walnut Street, Pasadena, California 91101.

10.  OneWest was organized on March 19, 2009.

11. OneWest acquired hundreds or thousands of loans that were contractually in default, as part of its regular business from the failed IndyMac Bank. IndyMac Bank failed in June 2008.

12. Upon information and belief based in part on the statements of OneWest to be determined through discovery, OneWest allegedly acquired the right to continue the foreclosure action on Plaintiff's home based on an acquisition of the assets of the failed IndyMac Bank.

13. OneWest uses the mails and interstate telephone system to conduct its business, including the collection of the defaulted debts it acquired.

14.  OneWest is a debt collector as defined under 15 USC §1692a(6).

15. The HLJ is a law firm in the State of Connecticut with offices and a place of business located at 50 Weston Street, Hartford, CT 06120.

16. HLJ is a leading foreclosure Plaintiff's firm in the State of Connecticut. HLJ has attempted to foreclose on thousands of mortgages in the last 10 years. HLJ is a debt collector as defined under *15 USC §1692a(6)*.

17. The Complaint is not alleging fraud by either Defendant.

## STATEMENT OF FACTS.

18. OneWest claims that Plaintiff owes a debt secured by the Plaintiff's personal residence (the "Alleged Debt").

19. Plaintiff is a natural person obligated or allegedly obligated to pay the Alleged Debt and is therefore a "consumer" as defined pursuant to *15 U.S.C. §1692a(3)*.

20. The Alleged Debt is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes; the Alleged Debt is a "debt" as defined pursuant to 15 USC §1692a(5);

21. OneWest has attempted to collect the Alleged Debt.

22. Hunt Leibert has attempted to collect the Alleged Debt.

23. The Defendants caused an action to be filed against Plaintiff to using wrongful means and methods to collect the Alleged Debt; The action (the "Action") is titled, *ONEWEST BANK, FSB v. Linda Pellechia*, Docket No. WWM-CV08-5002482-S, and was filed on 2/13/2008 in the Putnam Superior Court in the Judicial District of Windham .

24. HLJ was the law firm of record in connection with  the Action.

25. Defendants made multiple false, deceptive, and/or misleading representations in the course of litigating the Action and continue to use unfair acts, deceptive practices, and wrongful means in attempts to collect the Alleged Debt.

26. Defendants acted collectively in furtherance of the wrongful attempt to collect the Alleged

   Debt.

27. The Plaintiff has and incurred costs and expenses in defending the Action against her,

   incurring ascertainable losses thereby.

28. Plaintiff has suffered and continues to suffer: monetary damages; an ascertainable loss of

   money or property; humiliation, mental pain and anguish; and, damages to her credit report

   and reputation, all as a direct and proximate result of Defendants' conduct..


### CLAIM ONE: AS TO DEFENDANT HLJ.

**Count One - Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for False, Misleading, and Deceptive Methods in Litigation and Collection of the Alleged Debt.**

29. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or

   representation contained in paragraphs 1-28, as if fully restated herein.

30. Defendants acted  collectively in furtherance of the wrongful attempt to collect the Alleged

   Debt.

False, Misleading, and Deceptive Statements

31. HLJ has made false, misleading, and deceptive representations in an Objection To Motion To

   Take Judicial Notice dated 10/15/2010. HLJ alleged that a) none of Plaintiff's claims have

   merit; b) there is no evidence that any of the documents submitted in support of the motion

   for judgment or summary judgment were improperly executed; and c) the Defendant was in

   default.

32. Defendant OneWest submitted an unendorsed mortgage note in bankruptcy which Defendant OneWest alleged was a copy of the original mortgage note which had an allonge attached from IndyMac Bank, FSB; Defendants HLJ and OneWest submitted a  mortgage note endorsed in blank on the last page, which had no allonge attached, in its Motion for Summary Judgment which HLJ alleged was a copy of the original mortgage note;

33. Further, Defendant was not in default as alleged by the HLJ; The default was opened, in fact, pursuant to CPB §17-32 on 5/17/2010 (Entry 151.00); Further, the Court reaffirmed that the Default was opened by Court order on 6/2/2010 (Entry 152.10);

34. HLJ has made several false, misleading, and deceptive representations in an Objection To Motion To Reargue dated 10/20/2010 (Entry 196.00). HLJ alleged, *inter alia*,  that the motion was untimely pursuant to CPB §11-12 and "on [that] basis alone, Defendant's motions should not be entertained by [the] court".

35. However, Plaintiff's Motions to Reargue were timely filed pursuant to CPB §11-12. The Court denied Plaintiff's Request To Amend Answer Special Defenses and Counterclaims on September 20, 2010 (Entry 181.10); Plaintiff filed  two motions to reargue on October 12, 2010 (Entry 189.00 and Entry 190.00); CPB §11-12 allows twenty days to file a Motion To Reargue; The twentieth day fell on Sunday, October 10, 2010; Monday, October 11, 2010 was Columbus Day; Therefore, pursuant to CPB §7-17 [re-printed in relevant part below], the motions were timely filed on Tuesday, October 12, 2010;

> CPB §7-17
> Clerks' offices shall be open each weekday from Monday to Friday inclusive, between 9 o'clock in the forenoon and 5 o'clock in the afternoon, but they shall not be open on legal holidays. The chief court administrator may increase the hours of the clerk's office for the purpose of the acceptance of bonds or for other limited purposes for one or more court locations. If the last day for filing any matter in the

clerk's office falls on a day on which such office is not open as thus provided or is closed pursuant to authorization by the administrative judge in consultation with the chief court administrator or the chief court administrator
due to the existence of special circumstances, then the last day for filing shall be the next business day upon which such office is open. Except as provided below, a document that is electronically received by the clerk's office for filing after
5 o'clock in the afternoon on a day on which the clerk's office is open or that is electronically received by the clerk's office for filing at any time on a day on which the clerk's office is closed, shall be deemed filed on the next business day upon which such office is open…

36. HLJ has made false, misleading, and deceptive representations in a Motion To Reargue dated 10/15/2010. HLJ, *inter alia*, alleged that none of Plaintiff's claims have merit.

**Count Two – Violations of the Connecticut Unfair Trade Practices Act.**

37. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-36, as if fully restated herein.

38. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

39. By the misrepresentations, false and illegal pleadings, illegal defaults, and non-disclosure of material facts alleged above, HLJ deceived and continues to deceive Connecticut consumers, including the Plaintiff.

40. This conduct constitutes unfair and deceptive business practices within the meaning of Connecticut consumer protection statutes.

41. The Plaintiff was compelled to pay unjustified and excessive charges and penalties, and collection expenses, resulting in an ascertainable loss to the Plaintiff.

42. Accordingly, through this action, the Plaintiff seeks compensation for the damages that she incurred resulting from the collection, servicing, and foreclosure litigation of her Alleged Debt and mortgage and under Conn. Gen. Stat. § 42-110(g) the Plaintiff is entitled to her actual damages, punitive damages, injunctive relief, costs and attorneys fees.

43. Plaintiff has provided notice of the action to the Department of Consumer Protection and Connecticut Attorney General's Office.

### CLAIM TWO: AS TO DEFENDANT ONEWEST.

**Count One – Violations of Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* for Activities Conducted in Litigation and Collection of the Alleged Debt.**

44. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-43, as if fully restated herein.

45. Defendants acted collectively in furtherance of the wrongful attempt to collect the Alleged Debt.

46. OneWest's representations were false, deceptive, and or misleading pursuant to *15 U.S.C. §1692d,-e,-f(1), and/or -g.*

47. OneWest is vicariously liable for the activities of HLJ;

48. As a proximate result of OneWest's conduct, the Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to her credit report and reputation, all as a direct and proximate result of OneWest's conduct;

**Count Two – Violations of the Connecticut Unfair Trade Practices Act.**

8

49. Plaintiff alleges, recites, and incorporates by reference each allegation, statement, and/or representation contained in paragraphs 1-48, as if fully restated herein.

50. This claim for relief arises under the Connecticut Unfair Trade Practices Act ("CUTPA"), *Conn. Gen. Stat. §§ 42-110a*, *et seq.*

51. The Plaintiff is a consumer and suffered injury by OneWest.

52. OneWest deceived and continue to deceive Connecticut consumers, including the Plaintiff.

53. This conduct constitutes unfair and deceptive practices within the meaning of state consumer protection statutes.

54. As a result of OneWest's unfair and deceptive trade practices, Plaintiff has suffered an ascertainable loss of money and/or property;

55.  Accordingly, through this action, the Plaintiff seeks compensation for the damages that she incurred in connection with the collection, servicing, and foreclosure litigation of her Alleged Debt and mortgage.

56. As a proximate result of OneWest's conduct, the Plaintiff has suffered and continues to suffer: (a) monetary damages; (b) an ascertainable loss of money or property; (c) humiliation, mental pain and anguish; and (d) damages to her credit report and reputation, all as a direct and proximate result of OneWest's conduct;

57. All conditions precedent to the bringing of this action have been performed, or satisfied, or waived.

**Jury Demand**

The Plaintiff demands trial by jury for all issues so triable.

## **Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

As to Defendant HLJ:

1. Declare that Defendants have engaged in conduct which constitutes unlawful practices under FDCPA.

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. All such relief as is, or may be, available pursuant to *CGS §42-110g(a)* and *CGS §42-110g(d)*;

4. Monetary damages;

5. Statutory damages;

6. Interest and Costs;

7. Legal Fees;

8. Equitable Relief;

9. Judgment in Plaintiff's favor;

10.       Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

11. Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages; and,

As to Defendant ONEWEST:

1. Declare that Defendants have engaged in conduct which constitutes unlawful practices under FDCPA;

2. All such relief as is, or may be, available pursuant to 1*5 U.S.C. 1692k(1)*, *15 U.S.C. 1692k(2)(A)*, and *15 U.S.C. 1692k(3)*;

3. All such relief as is, or may be, available pursuant to *CGS §42-110g(a)* and *CGS §42-110g(d)*;

4. Monetary damages;

5.  Statutory damages;

6.  Interest and Costs;

7.  Legal Fees;

8.  Equitable Relief;

9.  Judgment in Plaintiff's favor;

10. Such other relief as the Court deems fair, just, equitable and proper under the circumstances;

11. Award Plaintiff judgment against Defendants, and each of them jointly and severally, for punitive or exemplary damages;

 

          THE PLAINTIFF

          _____/s/ J. Hanson Guest_____
          By:  J. Hanson Guest Esq.
          Counsel to Defendant
          151 New Park Avenue
          Hartford, CT 06106
          (860) 231-6250 phone
          (860) 231-6252 fax
          No.: ct28167

<u>CERTIFICATION</u>

I hereby Certify that on 10/14/2011, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Plaintiff

By: ____/s/ J. Hanson Guest_____
J. Hanson Guest (ct28167)
Guest & Associates
151 New Park Avenue
Hartford, CT 06120
Phone: (860) 231-6250
Fax: (860) 231-6252
E-Mail: hguest@guest-associates.com

12